<u>NOT FOR PUBLICATION</u>

```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
_____
                                   :
SCHUCHING M. CHU,                  :
                                   :  Civil Action No. 14-4598 (RMB)
              Petitioner,          :
                                   :
         v.                        :   MEMORANDUM OPINION
                                   :
JORDAN HOLLINGSWORTH,              :
                                   :
              Respondent.          :
_____:
```

**BUMB**, District Judge:

This matter comes before the Court upon Petitioner's § 2241 petition ("Petition"), <u>see</u> Docket Entry No. 1, which arrived accompanied by his filing fee. <u>See</u> <u>id.</u>

On December 3, 2007, the Government charged Petitioner (a naturalized United States citizen born in Taiwan) and ten of his co-defendants with smuggling Chinese counterfeit goods worth at least $200 million into the United States, trafficking in Chinese counterfeit goods, conspiracy to defraud the United States and to smuggle/traffic counterfeit goods, etc. <u>See</u> <u>USA v. Chu</u>, Crim. Action No. 07-1143 (DC) (S.D.N.Y.), Docket Entries Nos. 1, 46 and 193 (indicating that Petitioner is also known as "Michael Chu" and "Shu Chung Michael Chu"). Upon entering his guilty plea, Petitioner filed a pre-sentencing memorandum: (a) stressing that his sentencing range, under the plea deal reached, had reduced to 97-to-121 months; and (b) requesting maximum leniency in light of

the facts that, "at sentencing [he would be] 72½ years old . . . [and] the average life expectancy of a person 72 years of age, like [Petitioner,] is 12.04 years."  Id., Docket Entry No. 145, at 6-7.  Petitioner's sentencing court duly considered these facts and sentenced him to the shortest term available under the plea deal, i.e., to a series of concurrent term with the 97-month term being the longest.  See id., Docket Entry No. 148.

Petitioner then filed a direct appeal attacking his sentence and a § 2255 motion asserting ineffective assistance of counsel on the grounds that his counsel allegedly failed to explain to him the terms of his plea deal and the sentence he faced.  See id., Docket Entries Nos. 153 and 191.  Having his § 2255 motion denied by his sentencing court, see id., Docket Entry No. 193, Petitioner filed an appeal as to that collateral ruling.  See id., Docket Entry No. 197.  The Second Circuit denied his direct as well as collateral appeals for the reasons detailed by the sentencing court, see id., Docket Entries Nos. 198 and 199, that: (a) expressly reflected on the fact that, at the time of his § 2255 motion, Petitioner was 75 years old and suffered "from advanced diabetes"; and (b) pointed out that Petitioner's counsel succeeded at negotiating the plea deal that yielded the sentencing range 75% less than what Petitioner was facing ab initio in light of the magnitude of his crimes and his bribing of an undercover agent disguised as a union representative (who was

2

paid $100,000 so to allow smuggling of counterfeit Chinese goods through the Port Newark-Elizabeth Marine terminal in New Jersey). Id., Docket No. 193, at 2-7.

As of now, Petitioner is completing his imposed term and expecting to be released on December 20, 2014, that is, in less than five months. Notwithstanding his anticipated pre-release transfer to a community correctional center ("CCC"), Petitioner filed an administrative application with his warden seeking compassionate release on the basis of his advanced age and physical ailments. See Instant Matter, Docket Entry No. 1-1, at 5. The warden responded by detailing the standard applicable to compassionate release applications and Petitioner's circumstances that rendered him unsuitable for that remedy. See id. Petitioner appealed, albeit untimely, to the Bureau of Prisons' ("BOP") Regional Office, which dismissed his appeal on the timeliness grounds. See id. at 1. Petitioner did not seek review from the Central Office of the BOP. See id. at 4 (Petitioner's list of exhibits making this fact apparent). Instead, Petitioner filed the Petition at bar asserting that the warden must have abused his discretion by denying Petitioner a compassionate release. See id., Docket Entry No. 1 (citing the BOP policies and regulations).

Petitioner's challenges are subject to dismissal as unexhausted administratively and, in addition, as jurisdictionally deficient and for the lack of merit.

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. See 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel [representing the warden])" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the warden signed the response. See 28 C.F.R. § 542.15(a). The inmate may appeal to the Central Office on a BP-11 form within 30 days of the day the Regional Director signed the response. See id. Appeal to the Central Office is the final administrative appeal. See id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the

absence of a response to be a denial at that level." 28 C.F.R. § 542.18

Here, Petitioner failed to comply with the last two steps of the administrative process because his appeal to the Regional Office was untimely, and his appeal to the Central Office was never attempted. Correspondingly, his claims are subject to dismissal as unexhausted.

While a dismissal for failure to exhaust is without prejudice, here, prejudicial dismissal appears warranted since Petitioner's claims are raised without proper jurisdiction and, in addition, are substantively meritless.

Generally, a § 2244 habeas petition is the proper vehicle for a federal prisoner to challenge the fact – or calculation of the duration – of his confinement, as it was imposed by the sentencing court. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114

Harv. L. Rev. 1551, 1553 (2001)).  Hence, while the habeas law knows a handful of expansions of this core principle and, occasionally, allows a federal prisoner to challenge the "execution" of his sentence by raising slightly different grounds, those expansions are invariably narrowly tailored.  <u>See</u>, <u>e.g.</u>, <u>Ganim v. Fed. Bureau of Prisons</u>, 235 F. App'x 882, (3d Cir. 2007) (relying on <u>Woodall v. Fed. Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005), and <u>Pischke v. Litscher</u>, 178 F.3d 497 (7th Cir. 1999), for the observation that § 2241 habeas jurisdiction is present only in those challenges to denial of transfer where the sought transfer necessarily entails "a quantum change in the level of custody," as is in a transfer from a prison to a CCC).

One of these narrowly-tailored expansions allowing for habeas relief is the compassionate grounds, codified in 18 U.S.C. § 3582, pursuant to which a federal prisoner may be released from incarceration prior to the end of a validly-imposed sentence. That provision reads, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(I) (emphasis supplied).

This statutory language makes it clear that, in order for an inmate to be even considered for habeas relief, a motion for his

6

sentence reduction should be filed by the Director of the BOP after the Director approves an inmate's application for compassionate release.  Without satisfying this condition precedent, an inmate has no basis for seeking habeas review.  <u>See id.</u>  It follows that the BOP has broad discretion as to whether to move the court for a sentence modification.  In light of this broad statutory grant of discretion, federal appellate and district courts have determined that the BOP's decision regarding whether or not to file a motion for compassionate release is simply *judicially unreviewable*.  <u>See</u> <u>Fernandez v. United States</u>, 941 F.2d 1488, 1493 (11th Cir. 1991) (holding that the BOP's decision whether to seek a compassionate release under the predecessor to § 3582(c)(1)(A)(i) was unreviewable); <u>Simmons v. Christensen</u>, 894 F.2d 1041, 1043 (9th Cir. 1990) (same); <u>Turner v. U.S. Parole Comm'n</u>, 810 F.2d 612, 615 (7th Cir. 1987) (same); <u>see</u> <u>also</u> <u>Crowe v. United States</u>, 430 F. App'x 484, 485 (6th Cir. 2011) ("the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable") (collecting cases); <u>Engle v. United States</u>, 26 F. App'x 394, 397 (6th Cir. 2001) (a district court lacks "jurisdiction to <u>sua sponte</u> grant compassionate release," and "[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon motion from the Director of the Bureau of Prisons"); <u>Crawford v. Woodring</u>, 2009 U.S. Dist.

LEXIS 127300 (C.D. Cal. Dec. 11, 2009) (dismissing, as unreviewable, prisoner's § 2241 request for an order directing the BOP to move for early release under § 3582(c)(1)(A)(i)); Gutierrez v. Anderson, 2006 U.S. Dist. LEXIS 79580 (D. Minn. Oct. 30, 2006) (same); accord United States v. Yuk Rung Tsang, 2014 U.S. Dist. LEXIS 26580, at *2 ( E.D. Mich. Mar. 3, 2014) ("a federal court lacks jurisdiction to review a decision by the BOP not to seek a compassionate release"); United States v. Stokes, 2013 U.S. Dist. LEXIS 146042 (N.D. Ohio Oct. 9, 2013) (same); Johnson v. United States, 2013 U.S. Dist. LEXIS 68809 (W.D. Ky. May 14, 2013); Huff v. United States, 2012 U.S. Dist. LEXIS 106656 (E.D. Tenn. July 31, 2012); United States v. Najib Shemami, 2012 U.S. Dist. LEXIS 27125 (E.D. Mich. Mar. 1, 2012).

    Indeed, the district courts in this Circuit reached the same conclusion and, moreover, the Court of Appeals for the Third Circuit affirmed that finding.  See, e.g., Share v. Krueger, 2012 U.S. Dist. LEXIS 181919 (M.D. Pa. Dec. 26, 2012), aff'd, 553 F. App'x 207, 209 (3d Cir. 2014) (declining to apply the narrow Woodall expansion of the habeas mandate to the claims challenging an administrative denial of compassionate release and concluding that an application seeking judicial review of such denial, "despite the title it bears, [would] not [be] properly brought as a § 2241 petition").  Hence, Petitioner's application is subject to prejudicial dismissal for lack of jurisdiction.

8

Moreover, even if this Court were to: (a) factor in that Krueger was an unpublished Court of Appeals' decision; and (b) hypothesize that the Court of Appeals might render a different determination in a precedential opinion, the Petition still fails because the very fact that Petitioner's age and health circumstances had already been considered by his sentencing Court and the Second Circuit would necessarily render his claims meritless.

A substantively indistinguishable scenario was entertained by the Fifth Circuit in Todd v. Federal Bureau of Prisons, 2002 U.S. App. LEXIS 28589 (5th Cir. 2002). In Todd, an inmate filed a § 3582(c)(1)(A) request for "compassionate release" in light of the inmate's advanced age, poor health and the hard life he had oversees prior to his incarceration in the United States. See id. at *3. His request was denied by the warden, who noted that those circumstances were already taken into consideration at the time when the length of the inmate's sentence was determined. See id. When the inmate appealed to the Regional Office, he was further explained that a recommendation for compassionate release required "extraordinary circumstances that could not have been reasonably foreseen at the time of sentencing." Id. He then appealed to the Central Office, which guided him that § 3582(c)(1)(A) was, generally, restricted to those inmates who suffered from such a serious medical condition that it was likely

9

to be "terminal, with a determinate life expectancy."  Id. Displeased with these administrative findings, the inmate filed a § 2241 petition and, having it denied, appealed to the Fifth Circuit.  The Fifth Circuit took notice of the above-cited decisions (where other courts of appeal ruled that § 2241 jurisdiction does not lie for the purposes of review of administrative decisions to decline filing a motion for "compassionate release") but, prudentially, ruled as follows:

> Although we must always be sure of [subject matter] jurisdiction, as a prudential matter we decline to decide this question because [the inmate's] claim fails even if we assume that [there is § 2241] jurisdiction to review his [claims].  The [Administrative Procedure Act] requires us to hold unlawful and set aside any agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Section 3582(c)(1)(A) itself gives the [BOP] discretion to reduce the term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."  The Bureau's regulation implementing the statute states that the Bureau uses 3582(c)(1)(A) "in particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing."  The warden, Regional [Office and Central Office] specifically noted that the [age/ health/prior life events] circumstances cited by [the inmate] in support of his request for compassionate release were taken into account . . . when his sentence was determined. [Thus,] the Bureau's decision not to grant [the inmate's] request was made in accordance with its regulations, and was not arbitrary or capricious.

Id. at *4-5 (footnotes omitted).

The Todd reasoning is on point here.  Petitioner's sentencing judge was already presented with and duly considered

the impact of Petitioner's age and health: at the time when the judge sentenced Petitioner and, in addition, when the judge addressed Petitioner's collateral § 2255 attack.  The Second Circuit, being presented with the same, affirmed Petitioner's sentence directly and collaterally adopting the factual findings and rationale of the sentencing judge's conclusions.

Petitioner now invites this Court to sit in <u>de</u> <u>facto</u> appellate review of the Second Circuit.  That this Court cannot do.  While Petitioner argues that his warden's determination was an abuse of discretion under the BOP's policies and regulations, his claims fail for the reasons articulated in <u>Todd</u>.  Thus, Petitioner's claims are also subject to prejudicial dismissal on the merits, in addition to being subject to dismissal because of their jurisdictional and procedural defects.

Accordingly, the Petition, Docket Entry No. 1, will be denied on these three alternative grounds: as unexhausted, as filed without proper jurisdiction and as meritless substantively.

An appropriate Order follows.

                                             s/Renée Marie Bumb
                                             **RENÉE MARIE BUMB**
                                             **United States District Judge**

Dated: July 28, 2014